**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21mj39 |
| ) | |
| JAAP WILLEM LIJBERS ) | |

**MR. LIJBER'S MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR BOND**

Jaap Willem Lijbers, by counsel, provides the following memorandum supporting his request for pretrial release. He should not be denied bond due to any claim by Immigration and Customs Enforcement ("ICE") that he will be detained or deported if released on bond. There is no longer a recognized conflict between the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*, and the Bail Reform Act (BRA), 18 U.S.C. § 3141. *See United States v. Veloz-Alonso*, 810 F.3d 266, 270 (6th Cir. 2018) (concluding "The BRA presumes detention but allows permissive release of a criminal defendant. The INA mandates the detention of certain illegal aliens.").

1. **The Bail Reform Act governs the custodial status of individuals, including immigrants, facing federal charges.**

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, governs the detention of most criminal defendants. It explicitly recognizes that its provisions govern detention decisions for noncitizens, and it cautions against the court's application of deportation or exclusion law in determining whether an individual qualifies for bail. 18 U.S.C. § 3142(d) (bail determinations for noncitizens must be made "notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings.").

If a judicial officer determines that a person is not a citizen of the United States or lawfully admitted for permanent residence in the United States and that person may "flee or pose a danger to

any other person or the community," the judicial officer may temporarily detain that person for a period of no more than 10 days so that the attorney for the government may notify the "appropriate official of the Immigration and Naturalization Service." 18 U.S.C. § 3142(d). If ICE knows of the person's arrest, or if the official does not take custody of the person within the ten-day period, the BRA directs the Court to "apply the normal release and detention rules to the deportable alien without regard to the laws governing release in [ICE] deportation proceedings." *United States v. Adomako*, 150 F.Supp.2d 1302, 1307 (M.D. Fla. 2001) (citing 18 U.S.C. § 3142(d)).

Until recently, several district courts considered the Bail Reform Act and the Immigration and Nationality Act to be in direct conflict, holding that the Bail Reform Act provides "the exclusive means by which the Government may detain a removable alien pending trial in a criminal case." *See United States v. Ventura*, No. 17-cr-418, 2017 WL 5129012 (E.D.N.Y. Nov. 3, 2017) (citing *United States v. Galitsa*, No. 17-cr-324, Dkt. Entry 30, slip op., at 7 (S.D.N.Y. July 28, 2017); *see also United States v. Trujilo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012). In *Trujilo-Alvarez*, the court acknowledged that "[t]he government may be correct that ICE retains the ability to take [the defendant] back into administrative custody – for the purpose of deporting him," but held that "nothing permits ICE . . . to disregard the congressionally mandated provisions of the [Bail Reform Act] by keeping a person in detention for the purpose of delivering him to trial when the [Bail Reform Act] itself does not authorize such pretrial detention." *Id.* at 1178.

However, the *Trujilo-Alvarez* framework has been modified by *Veloz-Alonso*. 910 F.3d at 268. In *Veloz-Alonso*, the Sixth Circuit disagreed with *Trujilo-Alvarez* and determined that the statutory permissions of the BRA do not supersede the statutory mandates of the INA when an alien is submitted for criminal prosecution. *Id.* The issue has not yet been addressed by the Fourth Circuit, but numerous other Circuits have affirmed the reasoning in *Veloz-Alonso. See United States v. Barrera-Landa*, 964 F.3d 912 (10th Cir. 2020) (holding that the district court's order releasing defendant

before trial under the Bail Reform Act did not prevent ICE from exercising its authority to facilitate defendant's removal from the country upon release, even though defendant's criminal case was still pending); *United States v. Lett*, 944 F.3d 467 (2d. Cir. 2019) (holding ICE could lawfully detain defendant even though he had been released under the BRA); *United States v. Soriano Nunez*, 928 F.3d 240 (3d. Cir. 2019).

The *Veloz-Alonso* holding does not preclude the release of a defendant on bond if he is determined not to be a potential danger to the community or a flight risk. *See United States v. Diallo*, No. 20-20072, 2020 WL 3605290, at *3 (E.D. Mich. July 2, 2020) ("It may be that ICE will act on its Detainer against Diallo. However, the matter before this Court is whether Diallo is entitled to bond based upon his potential danger to the community or his flight risk."). Chief Judge Michael Urbanski of the Western District of Virginia similarly upheld this line of thinking, granting pretrial release for a defendant with an ICE detainer. *See United States v. Pavel*, No. 7:19-CR-94, 2021 WL 8178889, at *1 (W.D. Va. Mar. 3, 2021).

## 2. **The possibility that the Government may deport or remove Mr. Lijbers before trial does not make him a flight risk under the Bail Reform Act.**

Several courts have ruled that the risk of nonappearance referenced in 18 U.S.C. § 3142 requires an intentional flight by the defendant and does not encompass a risk of nonappearance created by the government's deportation or removal of the defendant. *See United States v. Ailon-Ailon*, 875 F.3d 1334, 1335 (10th Cir. 2017); *see also United States v. Resendiz-Guevara*, 145 F. Supp. 3d 1128, 1134 (M.D. Fla. 2015) (citing *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015)).

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). "A defendant may be detained before trial '[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a

3

preponderance of the evidence that no . . . set of conditions will reasonably assure the defendant's appearance." *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (*en banc*)). The Bail Reform states that individuals charged with a crime are generally, "released on personal recognizance or upon execution or an unsecured appearance bond," 18 U.S.C. § 3142(a)(1), or may be "released on a condition or combination of conditions" that will reasonably ensure their appearance in court and the safety of the community. § 3142(a)(2), (c)(1).

The Act details a two-step process for detaining an individual before trial. § 3142(f). First, the government may move for pre-trial detention if the defendant has been charged with certain enumerated offenses or "in a case that involves . . . a serious risk that such person will flee; or . . . a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror." *Id.* Here, there is no basis for pretrial detention. Mr. Lijbers is not charged with any of the enumerated offenses. He is alleged to have violated 18 U.S.C. § 922(g)(5)(A), which is not a crime of violence[1], a violation of section 1591, or an offense listed in section 2332b(g)(5)(B). § 3142(f)(1)(A).

The factors enumerated in 18 U.S.C. § 3142(g)(3) favor pretrial release.  Mr. Lijbers would return to his residence on Kirby Road in Raven, Virginia, where he was living at the time of his arrest and resume parenting his six- year old child, with whom he has a very close bond. Mr. Lijbers and the mother of his child are no longer involved in a romantic partnership, but maintain an amicable relationship.  He has the support of his child's extended maternal family, who describe him as excellent father to his child.  His residence is immediately adjacent to the home of his child's maternal grandmother.  The child spends part- time with her grandmother and part-time with Mr.

---

[1] *See Johnson v. United States*, 135 U.S. 2551 (2015) (addressing the definition of "violent felony" pursuant to the Armed Career Criminals Act ("ACCA") 18 U.S.C. § 924(e)(2)(B)).

4

Lijbers. A member of his child's maternal family is willing to serve as third party custodian for Mr. Lijbers. Mr. Lijbers' familial ties in the community support pretrial release.

Mr. Lijbers has been present in the United States since May 20, 2014. Criminal Complaint, ECF No. 1 at 11. He has not been charged with any criminal or traffic offense since entering the country in 2014. The potential for detention by ICE does not make a defendant a flight risk. *Ailon-Ailon*, 875 F.3d at 1335.

> 3. <u>The existence of a prior removal order or an ICE detainer is not a basis for automatic detention</u>

It is well established that a defendant's undocumented status does not make him a per se flight risk. *See, e.g., United States v. Xulam*, 84 F.3d 411, 442-43 (D.C. Cir. 1996) (per curiam) (holding that a deportable alien is not a flight risk where two conditions could be imposed to ensure return to court); *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) (concluding that defendant is an alien does not mandate the conclusion he is a serious flight risk); *United States v. Adomako*, 150 F. Supp. 2d 1302, 1304 (M.D. Fla. 2001) (noting "Congress chose not to exclude deportable aliens from consideration for release or detention in criminal proceedings."). And "the mere fact that an ICE detainer exists . . . and that the defendant is subject to [a] prior order of removal, is not a basis for automatic detention in this case pending trial." *United States v. Lopez*, 2018 WL 3043328 (S.D. Iowa June 19, 2018).

Therefore, the Court must consider Mr. Lijbers' eligibility for pretrial release or detention based on the Bail Reform Act, regardless of an ICE detainer that may cause his detention following release.

Respectfully Submitted,

Jaap Willem Lijbers
By Counsel

JUVAL O. SCOTT
Federal Public Defender
Western District of Virginia

Nancy Dickenson-Vicar**s**
Assistant Federal Public Defender
Virginia State Bar No. 28120
Attorney for Jaap Willem Lijbers
Federal Public Defender's Office
201 Abingdon Place
Abingdon, VA 24211
Telephone: (276) 619-6080
Fax: (276) 619-6090
nancy_dickenson@fd.org

CERTIFICATE OF SERVICE

    I certify that a true copy of the foregoing document was electronically filed and will be forwarded to the Assistant United States Attorney, this 8th day of March 2021.

                                                  s/Nancy Dickenson-Vicars